IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2008 FEB -5 A 9:44
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| Charlene Lewis, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:08 CV 79 |
| Kenney M. Hancock, | ) |
| Defendant. | ) |

### DEFENDANT KENNEY M. HANCOCK'S MOTION FOR SUMMARY JUDGMENT, NARRATIVE SUMMARY OF UNDISPUTED FACTS, AND BRIEF OF APPLICABLE LAW

COMES NOW the Defendant, Kenney M. Hancock, by and through the undersigned counsel, and moves this Honorable Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, to grant this Motion for Summary Judgment. In support thereof, the Defendant states the following:

1. There are no genuine issues of material fact.

2. The Defendant is entitled to judgment as a matter of law.

4. The Defendant offers the following in support of his Motion for Summary Judgment:

   a. All Pleadings;

   b. Narrative summary of undisputed facts;

   c. Brief of applicable law;

   d. Affidavit of Officer Steven Johnson;

   e. Alabama Uniform Accident Report, attached hereto as Exhibit A;

  f. Correspondence from Attorney Valerie Murry Smedley, attached hereto as Exhibit B.

WHEREFORE, premises considered, the Defendant respectfully requests that this Honorable Court grant his Motion for Summary Judgment.

## NARRATIVE SUMMARY OF UNDISPUTED FACTS

This lawsuit arises from an accident at or near the intersection of North Ripley Street and East Jefferson Street in Montgomery, Alabama. See Exhibit A and Affidavit of Officer Steven Johnson. This accident took place on December 11, 2005. Id. On December 11, 2007, the applicable two-year statute of limitation expired for this claim. Ala. Code (1975) § 6-2-38.

On December 31, 2007, the Plaintiff filed a Complaint against the Defendant in the Circuit Court for Montgomery County, Alabama. See Complaint, file-stamped on December 31, 2007 at 12:30 p.m. In the Complaint, the Plaintiff alleged the accident occurred "[o]n or about December 31, 2005." Id, at ¶ 5.

## BRIEF OF APPLICABLE LAW

### SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56(c) summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment "always bears the initial responsibility of informing the district

court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323. The movant may meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-324. If the movant succeeds in demonstrating the absence of a material issue of fact, the burden shifts to the non-movant to establish, with evidence beyond the pleadings, that a genuine issue material to the non-movant's case exists. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-17 (11th Cir.1993); see also Fed. R. Civ. P. 56(e). ("When a motion for summary judgment is made and supported ⋯ an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response ⋯ must set forth specific facts showing that there is a genuine issue for trial."). What is material is determined by the substantive law applicable to the case. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). A dispute of material fact "is 'genuine' … if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the non-movant must present "affirmative evidence" of material factual conflicts to defeat a properly supported motion for summary judgment. Anderson, 477 U.S. at 257. If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant. See Holifield v. Reno, 115 F.3d 1555, 1564 n. 6 (11th Cir.1997); Harris v. Ostrout, 65 F.3d 912 (11th Cir.1995). However, if there is a conflict in the evidence,

"the [plaintiff's] evidence is to be believed and all reasonable inferences must be drawn in his favor." Anderson, 477 U.S. at 255; Molina v. Merritt & Furman Ins. Agency, 207 F.3d 1351, 1356 (11th Cir.2000). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## ARGUMENT

The two-year statute of limitation for the accident made the basis of the Plaintiff's Complaint expired on December 11, 2007. Ala. Code (1975) § 6-2-38. The Plaintiff filed her Complaint on December 31, 2007, approximately twenty days after the expiration of the applicable statute of limitation. As a result, the Plaintiff's Complaint is untimely, and the Defendant is due judgment as a matter of law.

It is beyond dispute that the accident about which the Plaintiff filed her Complaint occurred on December 11, 2007. See Exhibit A and Affidavit of Officer Steven Johnson. Although the Plaintiff's Complaint states the accident occurred "[o]n or about December 31, 2005," the sworn testimony of the investigating officer and the accident report both place the accident on December 11, 2005. In addition to the sworn testimony of the investigating officer and the accident report, the Plaintiff's attorney sent several pieces of correspondence from her office's letterhead on which the accident date was listed as December 11, 2005. See Exhibit B. Because it is beyond dispute that the accident occurred on December 11, 2005, ~~Therefore, it is also beyond dispute that~~ the statute of limitation applicable to the Plaintiff's claim expired on

December 11, 2007. As a result, the Plaintiff's Complaint is untimely, and the Defendant is due judgment as a matter of law.

WHEREFORE, premises considered, the Defendant respectfully requests that this Honorable Court grant his Motion for Summary Judgment.

Respectfully submitted this 5th day of February, 2008.

/s/ Michael L. White
Michael L. White (ASB-4263-W86M)

OF COUNSEL:

WEBSTER, HENRY, LYONS & WHITE, P.C.
Post Office Box 239
Montgomery, AL 36101-0239
Tel:   (334) 264-9472
Fax:   (334) 264-9599

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been duly served upon the below named by placing a copy thereof in the United States Mail, postage prepaid, and properly addressed on this the 5th day of February, 2008.

Valerie Murry Smedley, Esq.
459 South McDononough Street
Montgomery, AL 36104

_____
Of Counsel

## AFFIDAVIT OF OFFICER STEVEN JOHNSON

STATE OF ALABAMA            )

COUNTY OF MONTGOMERY        )

1. My name is Officer Steven Johnson and I am a resident and citizen of the State of Alabama. I am over the age of nineteen years (19) years and have personal knowledge of the matters contained herein.

2. I am currently employed with the Montgomery Police Department.

3. On December 11, 2005, I investigated an accident near the intersection of North Ripley Street and East Jefferson Street in Montgomery, Alabama, involving Kenney M. Hancock. I drafted the accident report attached hereto as Exhibit A.

4. This accident happened on December 11, 2005, as indicated on the accident report.

5. There was no appreciable time lapse between the accident and the time I drafted the accident report.

Further, affiant saith not.

_____
STEVEN JOHNSON

SWORN TO and SUBSCRIBED before me on this the 23rd day of January, 2008.

_____
Notary Public
My commission expires: 6-7-11

ALABAMA UNIFORM TRAFFIC ACCIDENT REPORT

Local Case No. 09878

# 5403

**Date:** 12/11/2005  **Time:** 1202 PM  **County:** 03  **City:** Montgomery

**On Street:** N. Ripley St.  **At intersection:** E. Jefferson St.

**Unit 1 Driver:** Kelley M. Hancock, 401 Foye St, Monticello, KY
DOB: 04/30/1954  W M KY  DL: H92-061-734
Insurance: State Farm
Vehicle: 2002 Dodge, VIN: B4H548N52F185245
Tag: 4775PC KY
Speed Limit: 35 MPH

**Unit 2 Driver:** Matthew Lewis, 5220 Jack Dr, Montgomery, AL 36110
DOB: 05/24/1960  B M AL  DL: 4014274
Employment: Montgomery County Commission
Insurance: Southern United Fire
Vehicle: 1996 Toyota, VIN: 4T1BF12B6TU097060
Tag: 3D7455P AL
Speed Limit: 30 MPH

EXHIBIT A

## SEATING

Unit 1: 1 / A2 / A2 — 12 - Pedestrian; 13 - Rider of Domestic Animal; 14 - Occ. of Non-Motorized Vehicle; 15 - Victim of Other Circumstances/Codes Not Applicable

Unit 2: 2 / A2 / A2 — 12 - Pedestrian; 13 - Rider of Domestic Animal; 14 - Occ. of Non-Motorized Vehicle; 15 - Victim of Other Circumstances/Codes Not Applicable

### CODES — SAFETY EQUIPMENT
01 - None Installed; 95 - Not Applicable; 99 - Unknown (Any Type)
Lap Belt Only: 11 - Fastened; 12 - Not Fastened
Lap/Shoulder Harness: 21 - Lap Only Used; 22 - Neither Used; 23 - Shoulder Only Used; 24 - Both Used
Motorcycle Helmet: 31 - None Used; 32 - Used
Air Bags: 41 - Deployed, Belts Used; 42 - Not Deployed, Belts Used; 43 - Deployed, Belts Not Used; 44 - Not Deployed, Belts Not Used
Child Restraint: 81 - Child Restraint Used; 82 - Other Restraint Used
Proper Clothing Pedestrians: 91 - Contrasting Clothing; 99 - Non-contrasting Clothing

## VICTIMS

Name: Kenley M. Hancock, 404 Fair St, Montgomery — Unit No 1 / Seat Pos 1 / Injury Type C / Age 51 / Sex M / Ejection N / First Aid By 04
Taken To: Not Transported

### CODES
Injury Type: X - Killed; A - Visible or Carried from Scene; B - Bruise/Abrasion/Swelling; C - Not Visible—Has Pain/Faint
Ejected: N - Not; F - Fully; P - Partially; T - Trapped; U - Unknown; A - Not Applicable
First Aid By: A - Ambulance Attendant; D - Doctor; M - Paramedic; O - Other; P - Police; U - Unknown; N - None

## NARRATIVE AND DIAGRAM

Diagram shows intersection of N. Ripley St (running N-S) and E. Jefferson St (running E-W), with vehicles 1, 2, and 3 positioned in the intersection. North arrow shown. "Not To Scale."

Officer's Version of What Happened: The witness stated that they were behind Veh #2, when Veh #2 entered the intersection on a circular green and was struck by Veh #1.

## ROADWAY ENVIRONMENT

Unit 1: Contributing Road Defect - None; Surface Construction - Asphalt; Condition - Dry; Accident In or Related To Road Construction Zone - No; Material in Roadway - None; Material Source - Not Applicable; Character - Straight—Up Grade

Unit 2: 2

Vision Obscured By: Not Obscured
Traffic Control: Traffic Signal; Functioning: Yes
Opposing Lanes Separated By: Solid Painted Line
Trafficway Lanes: Four Lanes
One-Way Street: No

## INVESTIGATION

Light: Daylight
Weather: Clear
Locale: Shop'g or Business
Non-Vehicular Property Damage: None Visible

Time Police Notified: 1203 PM
Time Police Arrived: 1207 PM
Time EMS Arrived: 1209 PM
Name of Photographer: N/A

Witness Full Name: N/A
Witness Full Name: Rich Anderson, 33 N. Capitol Pkwy, Montg AL 36104, 334-263-7265

Name of Investigating Officer: Cpl S.M. Johnson, Officer ID 011, Agency ORI 0030100
Name of Other Investigating Officer(s) at Scene: N/A

Date: 12-11-05

LAW OFFICES

## VALERIE MURRY SMEDLEY

*ATTORNEY AT LAW*
459 SOUTH McDONOUGH STREET
MONTGOMERY, ALABAMA 36104

(334) 230-9596

FAX: (334) 230-9566

September 17, 2007

Mr. Jason Dean
Claims Adjuster
State Farm Insurance Company
P.O. Box 830852
Birmingham, AL 35283-0852

**FAXED: 888-529-1508**

RE:  My Client:      Matthew Lewis
     Your Insured:   Kenny Hancock
     Date of Accident: December 11, 2005
     Claim No:       17-9469-890

Dear Mr. Dean:

Sincerely,

Valerie Murry Smedley

Cc: Mr. Matthew Lewis

**EXHIBIT B**

LAW OFFICES

VALERIE MURRY SMEDLEY

ATTORNEY AT LAW
459 SOUTH McDONOUGH STREET
MONTGOMERY, ALABAMA 36104

(334) 230-9596

FAX: (334) 230-9566

August 28, 2007

Mr. Jason Dean
Claims Adjuster
P.O. Box 830852
Birmingham, AL 35283-0852

FAXED: 888-529-1508

RE:  My Client:         Matthew Lewis
     Your Insured:      Kenny Hancock
     Date of Accident:  December 11, 2005
     Claim No:          17-9469-890

Dear Mr. Dean:

Sincerely,

Valerie Murry Smedley

cc: Mr. Matthew Lewis

LAW OFFICES

VALERIE MURRY SMEDLEY

ATTORNEY AT LAW
459 SOUTH McDONOUGH STREET
MONTGOMERY, ALABAMA 36104

(334) 230-9596                                                                                    FAX: (334) 230-9566

August 20, 2007

Mr. Jason Dean
Claims Adjuster                                          **FAXED: 888-529-1508**
State Farm Insurance Company
P.O. Box 830852
Birmingham, AL 35283-0852

RE:   My Client:         Matthew Lewis
      Your Insured:      Kenny Hancock
      Date of Accident:  December 11, 2005
      Claim No:          17-9469-890

Dear Mr. Dean:



                              Sincerely,

                              Nicole Abro
                              Legal Assistant

                              For: Attorney Valerie M Smedley

Cc: Mr. Matthew Lewis

LAW OFFICES

VALERIE MURRY SMEDLEY

ATTORNEY AT LAW
459 SOUTH McDONOUGH STREET
MONTGOMERY, ALABAMA 36104

(334) 230-9596

FAX: (334) 230-9566

August 15, 2007

Mr. Jason Dean
Claims Adjuster
P.O. Box 830852
Birmingham, AL 35283-0852

**FAXED: 888-529-1508**

RE:   My Client:        Matthew Lewis
      Your Insured:     Kenny Hancock
      Date of Accident: December 11, 2005
      Claim No:         17-9469-890

Dear Mr. Dean:

Sincerely,

*[signature]*

Valerie Murry Smedley

cc: Mr. Matthew Lewis

LAW OFFICES

VALERIE MURRY SMEDLEY

*ATTORNEY AT LAW*
459 SOUTH McDONOUGH STREET
MONTGOMERY, ALABAMA 36104

(334) 230-9596

FAX: (334) 230-9566

August 6, 2007

Mr. Jason Dean
Claim Representative
State Farm Insurance Companies
P.O. Box 830852
Birmingham, AL    35283-0852

RE:    My Client:        Matthew Lewis
       Your Insured:     Kenny Hancock
       Date of Loss:     December 11, 2005
       Claim No.:        17-9469-890

Dear Mr. Dean:

Sincerely,

Valerie Murry Smedley

cc:    Mr. Matthew Lewis

LAW OFFICES

VALERIE MURRY SMEDLEY

*ATTORNEY AT LAW*
459 SOUTH McDONOUGH STREET
MONTGOMERY, ALABAMA 36104

(334) 230-9596    FAX: (334) 230-9566

June 15, 2007

Ms. Georgia Robertson
Claims Adjuster
State Farm Insurance Company
P.O. Box 830852
Birmingham, AL 35283

RE:  My Client:         Matthew Lewis
     Your Insured:      Sherry Kelsay
     Date of Accident:  December 11, 2005
     Claim No.          17-9469-890

Dear Ms. Robertson:

Sincerely,

Valerie Murry Smedley

Enclosure

LAW OFFICES

VALERIE MURRY SMEDLEY

ATTORNEY AT LAW
459 SOUTH McDONOUGH STREET
MONTGOMERY, ALABAMA 36104

(334) 230-9596

FAX: (334) 230-9566

January 27, 2006

17-9469-890  IC

State Farm Insurance
Auto Claim Central
P.O. Box 830852
Birmingham, AL 35283-0852

RE:   My Client:         Charlene Lewis
      Your Insured:      Sherry Kelsay
      Date of Accident:  December 11, 2005
      Claim #:           179469890

Dear Sirs/Madam:

Sincerely,

Valerie Murry Smedley

Cc: Charlene Lewis

RECEIVED

JAN 3 1 2005

CIOS AUTO

LAW OFFICES

VALERIE MURRY SMEDLEY

*ATTORNEY AT LAW*
459 SOUTH McDONOUGH STREET
MONTGOMERY, ALABAMA 36104

(334) 230-9596

FAX: (334) 230-9566

December 22, 2005

State Farm Insurance
Auto Claim Central
Team #5
P.O. Box 830852
Birmingham, AL 35283-0852


17-9469-890   IC

RE:  My Client:         Matthew Lewis
     Your Insured:      Sherry Kelsay
     Date of Accident:  December 11, 2005
     Claim #:           179469890

Dear Sirs/Madam:

Sincerely,

Valerie Murry Smedley

Cc: Matthew Lewis

RECEIVED
DEC 27 2005
CIOS AUTO