IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLENE LEWIS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CASE NO.: |
| V. ) | |
| ) | 2:08-CV-79 |
| KENNEY M. HANCOCK, ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |

**DEFENDANT'S AMENDED ANSWER TO COMPLAINT**

COMES NOW the Defendant, Kenney M. Hancock, and amends his answer as initially filed, stating:

1) The Defendant generally denies each and every material allegation contained in Plaintiff's Complaint and demands strict proof thereof.

2) The Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Defendant.

**FIRST DEFENSE**

Plaintiff has failed to mitigate her injuries and damages, if any.

**SECOND DEFENSE**

Plaintiff is guilty of contributory negligence which would also bar recovery against this Defendant.

## THIRD DEFENSE

Plaintiff assumed the risk of the injuries and damages, if any, complained of in the Complaint filed herein which would also bar recovery against this Defendant.

## FOURTH DEFENSE

Defendant's conduct was not the proximate cause of any injuries and damages to the Plaintiff.

## FIFTH DEFENSE

Plaintiff's injuries and damages, if any, are the result of a superseding independent intervening cause.

## SIXTH DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations.

## SEVENTH DEFENSE

Defendant pleads the doctrine of sudden emergency.

## EIGHTH DEFENSE

Defendant pleads the general issue.

## NINTH DEFENSE

Defendant pleads that the accident was unavoidable.

## TENTH DEFENSE

Defendant pleads that the Plaintiff had the last clear chance to avoid the accident.

## ELEVENTH DEFENSE

Defendant pleads improper venue.

## TWELFTH DEFENSE

This Defendant pleads service was improper and/or insufficient as a matter of law.

## THIRTEENTH DEFENSE

This Defendant asserts that he is entitled to a set off or credit of any and all settlement amounts paid by any party or potential party to this litigation, whether or not named herein, pursuant to Williams v. Colquitt, 272 Ala. 577, 133 So. 2d 364 (Ala. 1961), and its progeny.

## FOURTEENTH DEFENSE

This Defendant asserts Ala. Code § 12-24-45 (1975), pursuant to Dixie Marsh v. Rodgers Green, M.D., Ala. Sup. Ct. 1981897 (September 22, 2000). Plaintiff claims damages for medical expenses and/or hospital expenses which have been, or which will be reimbursed or paid, in part of in full.

## FIFTEENTH DEFENSE

The procedures by which damages for mental anguish are awarded to Plaintiffs in Alabama violate the due process rights secured to the Defendant by the United States

Constitution and the Constitution of the State of Alabama in that these procedures deprive the Defendant of his property without due process of law by failing to provide the jury with adequate standards or guidelines by which to render such an award.

## SIXTEENTH DEFENSE

The procedures by which damages for mental anguish are awarded to Plaintiffs in Alabama violate the due process rights secured to the Defendant by the United States Constitution and the Constitution of the State of Alabama in that these procedures deprive the Defendant of his property without due process of law by allowing the jury unbridled discretion to determine the amount of the award and thereby rendering such an award in an arbitrary and capricious manner.

## SEVENTEENTH DEFENSE

The procedures by which damages for mental anguish are awarded by juries in the State of Alabama violate constitutional rights secured to the Defendant under the United States Constitution and the Constitution of the State of Alabama by depriving the Defendant of his property without due process of law because no reasonable standard or guideline is given to the jury to insure that the award is reasonable and further there is no meaningful standard for judicial review of the award post verdict to insure that the award does not exceed constitutional limitations.

**EIGHTEENTH DEFENSE**

The procedures by which damages for mental anguish are awarded by juries in the State of Alabama violate constitutional rights secured to the Defendant under the United States Constitution and the Constitution of the State of Alabama by depriving the Defendant of his property without due process of law in that no reasonable criteria, guideline, or standard is provided to the jury in order that the jury may determine from the evidence what quality or quantity of evidence is necessary to justify an award of damages for mental anguish.

**NINETEENTH DEFENSE**

This Defendant is deprived of his rights secured by the United States Constitution and the Constitution of the State of Alabama because an award of mental anguish in this case is unconstitutional.

**TWENTIETH DEFENSE**

The procedures by which damages for mental anguish are awarded by Alabama juries deprives this Defendant of constitutional rights secured to him by the Constitution of the United States of America and the State of Alabama in that the same deprives this Defendant of his property without due process of law by not providing an objective standard by which the jury may measure an award or an objective standard by which the judge may review the jury's award to determine if it is reasonable, just, and proper.

**TWENTY-FIRST DEFENSE**

The procedure by which damages for mental anguish are awarded by Alabama juries deprives this Defendant of constitutional rights secured to him by the Constitution of the United States of America and the State of Alabama in that the same deprives this Defendants of his property without due process of law by allowing juries to return awards of compensatory damages for mental anguish which are speculative, based on conjecture, and without substantial evidence to support the same.

**TWENTY-SECOND DEFENSE**

The process by which Alabama Courts allow juries to award damages for mental anguish violates the elementary notions of fairness dictated by the United States constitutional law in that it does not provide the Defendant with fair notice of what conduct will subject him to liability nor the severity of the damages that the state may impose through the jury system; therefore, the Defendant is deprived of his property without due process of law in contravention of the rights secured to the Defendant by the Fourteenth Amendment to the Constitution of the United States of America.

**TWENTY-THIRD DEFENSE**

The process by which Alabama Courts allow juries to award damages for mental anguish violates the due process rights secured to the Defendant by the United States Constitution and the Constitution of the State of Alabama in that this process deprives the Defendant of his property without due process of law by failing to give the Defendant notice of the range of damages

which might be returned because juries are given unbridled discretion to determine the amount of the award and thereby render such an award in an arbitrary and capricious manner.

### TWENTY-FOURTH DEFENSE

The process by which Alabama Courts allow juries to award damages for mental anguish violates the elementary notions of fairness dictated by the United States constitutional law and the Constitution of the State of Alabama in that it does not provide the Defendant with fair notice of the amount of the award which may be rendered by a jury and there is no guarantee that the mental anguish award will be reasonably related to other awards in similar circumstances.

### TWENTY-FIFTH DEFENSE

This Defendant is deprived of his property without due process of law in contravention of the rights secured to this Defendant by the Fourth Amendment to the Constitution of the United States of America in that the Defendant is not provided with adequate notice of the extent of damages which may be awarded for mental anguish because Alabama juries are returning mental anguish damage awards which are in violation of the United States and Alabama Constitution.

### TWENTY-SIXTH DEFENSE

This Defendant avers that he is entitled to the benefits of and protection of Section 6-11-20 through 6-11-30, Code of Alabama 1975, as amended.

## **TWENTY-SEVENTH DEFENSE**

To the extent Plaintiff's claim for wantonness may invoke punitive damages, it violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendant for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and,

(g) The procedure pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

(h) The Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

(1) It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these Defendant;

(3) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

(5) The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i) The Plaintiff's attempt to impose punitive or extra-contractual damages on these Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

(j) The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k) The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15, of the Constitution of Alabama.

(l) The award of punitive damages against these Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975), in violation of the

Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution and Article, Section 6, of the Alabama Constitution.

### TWENTY-EIGHTH DEFENSE

The Plaintiff's Complaint seeks to make this Defendant liable for punitive damages. The United States Supreme Court has reversed the Alabama Supreme Court in the case styled BMW of North America, Inc. v. Gore, 116 S. Ct. 1589 (1996) on the issues of punitive damages. Defendant adopts by reference whatever defenses, criteria, limitations, and standards as mandated by the United States Supreme Court decision in that case.

### TWENTY-NINTH DEFENSE

The Defendant affirmatively pleads that any punitive damages that the Plaintiff may recover in this case should be capped in keeping with Alabama Code § 6-11-21 and in the spirit of the Alabama Supreme Court's recent decision in Oliver v. Towns, 738 So.2d 798 (Ala. 1999).

### THIRTIETH DEFENSE

The Plaintiff's demand for punitive damages is due to be struck because, on May 14, 2001, the United States Supreme Court released its decision in *Cooper Industries, Inc. V. Leatherman Tool Group, Inc.* 532 U.S. 424 (2001), holding that the amount of punitive damages, "is not really a fact 'tried' by the jury," and the right to jury trial is therefore not implicated. The court pointed to a fundamental difference between compensatory and punitive damages. Whereas compensatory damages are "essentially a factual determination," punitive damages are "an expression of moral condemnation" that essentially constitutes a conclusion of law. The

court cited the Eighth Amendment in explaining that constitutional excessiveness protections apply to both criminal and civil punishments.

Such punishments should be determined by courts as a matter of law, rather than by juries as a matter of fact.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES**

\s\ Michael L. White
MICHAEL L. WHITE (ASB-4263-W86M)
Attorney for Defendant


OF COUNSEL:

WEBSTER, HENRY, LYONS & WHITE, P.C.
Post Office Box 239
Montgomery, AL 36101-0239
Telephone:    (334) 264-9472
Facsimile:    (334) 264-9599

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been duly served upon the below named via electronic filing and by placing a copy thereof in the United States Mail, postage prepaid, and properly addressed on this the 28th day of April, 2008.

Valerie Murry Smedley, Esq.
459 South McDononough Street
Montgomery, AL 36104

　　　\s\ Michael L. White　　　
Of Counsel